UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DANIEL BREWER,<br><br>        Plaintiff,<br><br>    v.<br><br>CITY OF BAINBRIDGE,<br><br>        Defendants. | Case No.  C04-5293RJB<br><br>ORDER |

This matter comes before the Court on Brewer's Motion Reconsideration. Dkt. 78. Brewer asks the Court to reconsider the Order denying the Motion for Partial Summary Judgment regarding his private nuisance claims. Dkt. 78. The Court has reviewed the motion, and the remainder of the record herein.

The case concerns the disputed use of property on Bainbridge Island. The of City Bainbridge Island is operating a public works yard on this property, called Head of the Bay ("HOB"). Dkt 36, at 1. The HOB property is adjacent to, west, and northwest of Brewer's property. *Id.* The City uses a road ("access road"), which crosses Brewer's property, to get on and off the HOB property. *Id.*

The City purchased Lot 50, the portion of the HOB site at issue here, from Kitsap County in 1983. Dkts. 15, at 3 and 66, at 2. Since at least 1982, the City has used the HOB property, in part, to store landscape debris from City maintenance activities including tree trimming, roadside trimming, landslides, general brush, ditch cleaning, and material excavated from water system repairs and activities. *Id.* The City has stored materials such as sand piles, gravel, pipes, and equipment on the site. *Id.* The City has also stored street sweepings and road spoils on the site. *Id.*

MOTION FOR RECONSIDERATION

Local Civil Rule 8(h)(1) provides,

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

In the present motion, Brewer moves for reconsideration of the Court's Order denying summary judgment on his private nuisance claim based on a manifest error in the prior ruling. Dkt. 78. In his Motion for Summary Judgment, Brewer argued, in part, the City's use of the HOB site constitutes a nuisance per se because the City's violation of the Bainbridge Island zoning code is unlawful and therefore an unreasonable use per se. Dkt. 35. In it's Response, the City argued it's uses of the HOB site were legal non-conforming uses (uses which existed prior to the enactment of the Bainbridge Island Municipal Code ("BIMC") and the 1983 Kitsap County Zoning Code). Dkt. 60.

The Order denying the Motion for Summary Judgment found,

> The record indicates that at least as far back as 1982, Kitsap County was permitting the City to use Lot 50 for the following public works uses: "to store landscape debris from City maintenance activities including tree trimming, roadside trimming, downed timber, landslides, general brush, some ditch cleaning, and material excavated from water system repairs and activities." Dkt. 66, at 2. The record further indicates that soil storage began at least in 1991. *Id.* Even if it is assumed that the use of Lot 50 was non-conforming with the 1983 Kitsap County Zoning Ordinance, the City has shown there is at least a genuine issue of fact as to whether its use of Lot 50 was a legal nonconforming use, prior to the enactment of that ordinance, and thus no CUP was required. Moreover, the City has shown that there are also issues of fact as to whether the use of the property is a legal non-conforming use prior to the enactment of the relevant BIMC sections. As a result, there are issues of fact as to whether the City is violating relevant zoning codes.

Dkt. 77, at 5. Brewer now argues that the City failed to establish that it's use of the HOB site was a legal non-conforming use prior to the enactment of the 1983 zoning ordinance. Dkt. 78. Under Local Rule 8(h)(3) no motion for reconsideration shall be granted unless the opposing party has had an opportunity to respond. The City should be permitted to respond to this motion for reconsideration, if it so chooses. Therefore, it is hereby

**ORDERED** that the Brewer's Motion for Reconsideration (Dkt. 78) is **RENOTED** for July 15, 2005, the City's Response, if any, is due on July 11, 2005, and Brewer's Reply, if any, if due on July 14, 2005.

1    The Clerk of the Court is directed to send uncertified copies of this Order to all counsel of record
2    and to any party appearing *pro se* at said party's last known address.
3    DATED this 20th day of June, 2005.

Robert J. Bryan
U.S. District Judge