UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DANIEL BREWER,<br><br>        Plaintiff,<br><br>        v.<br><br>CITY OF BAINBRIDGE ISLAND,<br><br>        Defendants. | Case No.  C04-5293RJB<br><br>ORDER DENYING MOTION<br>FOR RECONSIDERATION |

This matter comes before the Court on Brewer's Motion for Reconsideration. Dkt. 78. Brewer asks the Court to reconsider the Order denying the Motion for Partial Summary Judgment regarding his private nuisance claims. Dkt. 78. The Court has reviewed the motion, and the remainder of the record herein.

The case concerns the disputed use of property on Bainbridge Island. The of City Bainbridge Island is operating a public works yard on this property, called Head of the Bay ("HOB"). Dkt 36, at 1. The HOB property is adjacent to, west, and northwest of Brewer's property. *Id.* The City uses a road ("access road"), which crosses Brewer's property, to get on and off the HOB property. *Id.*

The City purchased Lot 50, the portion of the HOB site at issue here, from Kitsap County in 1983. Dkts. 15, at 3 and 66, at 2. Since at least 1982, the City has used the HOB property, in part, to store landscape debris from City maintenance activities including tree trimming, roadside trimming, landslides, general brush, ditch cleaning, and material excavated from water system repairs and activities. *Id.* The City has stored materials such as sand piles, gravel, pipes, and equipment on the site. *Id.* The City has also stored street sweepings and road spoils on the site. *Id.*

MOTION FOR RECONSIDERATION

Local Civil Rule 8(h)(1) provides,

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

In the present motion, Brewer moves for reconsideration of the Court's Order denying summary judgment on his private nuisance claim based on a manifest error in the prior ruling. Dkt. 78. In his Motion for Summary Judgment, Brewer argued, in part, the City's use of the HOB site constitutes a nuisance per se because the City's violation of the Bainbridge Island zoning code is unlawful and therefore an unreasonable use per se. Dkt. 35. In it's Response, the City argued it's uses of the HOB site were legal non-conforming uses (uses which existed prior to the enactment of the Bainbridge Island Municipal Code ("BIMC") and the 1983 Kitsap County Zoning Code). Dkt. 60.

The Order denying the Motion for Summary Judgment found,

> The record indicates that at least as far back as 1982, Kitsap County was permitting the City to use Lot 50 for the following public works uses: "to store landscape debris from City maintenance activities including tree trimming, roadside trimming, downed timber, landslides, general brush, some ditch cleaning, and material excavated from water system repairs and activities." Dkt. 66, at 2. The record further indicates that soil storage began at least in 1991. *Id.* Even if it is assumed that the use of Lot 50 was non-conforming with the 1983 Kitsap County Zoning Ordinance, the City has shown there is at least a genuine issue of fact as to whether its use of Lot 50 was a legal nonconforming use, prior to the enactment of that ordinance, and thus no CUP was required. Moreover, the City has shown that there are also issues of fact as to whether the use of the property is a legal non-conforming use prior to the enactment of the relevant BIMC sections. As a result, there are issues of fact as to whether the City is violating relevant zoning codes.

Dkt. 77, at 5.

Brewer now argues that the City failed to establish that it's use of the HOB site was a legal non-conforming use prior to the enactment of the 1983 zoning ordinance. Dkt. 78. The City responds that Plaintiff has sited no authority for the proposition that a violation of a zoning code alone could constitute a nuisance per se under Washington law and there are issues of fact as to whether the City's uses of the HOB site are legal non-conforming uses which existed prior to the enactment of the 1983 Kitsap County Zoning Ordinance. Dkt. 81.

This Motion for Reconsideration should be denied. There are issues of fact as to whether Kitsap County had a zoning code prior to 1983. The City argues that there is no pre-1983 zoning code. Dkt. 81.

ORDER
Page - 2

1  The City attaches a copy of Kitsap County's "Land Use Designations" for Bainbridge Island, published for
2  the first time in 1980, which it contends indicates what the County intended to adopt as zoning
3  classifications in the future. Dkt. 81, App. A.  In Reply, Brewer attaches the Declaration of Jim Svensson
4  who began working for Kitsap County in 1973. Dkt. 85, at 2.  He states that Kitsap County adopted its
5  original zoning code for Bainbridge Island in 1963, later amending the code in 1977, 1978, and 1983. *Id*.
6  Plaintiff fails to attach any of these zoning codes.  The City filed a sur-reply (Dkt. 86) and the Declarations
7  of Judith E. Flanick (Dkt. 87).  Judith E. Flanick indicates she has worked for the City since 2001 and the
8  Kitsap County planning department from 1993 to 2001. Dkt. 87, at 1-2.  She indicates the County told her
9  no such zoning codes or maps exist at the county and she does not recall ever seeing a pre-June 1983
10 Kitsap County Zoning Code. Dkt. 87, at 3.  The City also provides evidence that the area may have been
11 used as a public works yard as early as 1974. Dkt. 88, at 3.  As a result, there are issues of fact as to
12 whether Kitsap County had a zoning code, and whether the code permitted the City's non-conforming use.

14          Therefore, it is hereby
15          **ORDERED** that the Brewer's Motion for Reconsideration (Dkt. 78) is **DENIED**.
16          The Clerk of the Court is directed to send uncertified copies of this Order to all counsel of record
17 and to any party appearing *pro se* at said party's last known address.
18          DATED this 26th day of July, 2005.

                                            Robert J. Bryan
                                            United States District Judge